UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO RODRIGUEZ, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

# COMPLAINT

EDUARDO RODRIGUEZ ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.   Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.   Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19124.

7.   Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.   Defendant is a corporation with its principal place of business located at 950 Forrer Blvd., Kettering OH 45420.

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**<u>FACTUAL ALLEGATIONS</u>**

10.   Plaintiff has a cellular telephone number that he has had for at least one year.

11.   Plaintiff has only used this phone as a cellular telephone.

12.   Beginning on or around January 17, 2017 and continuing thereafter, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because there was a long pause before speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. During the first call Plaintiff received, he spoke with Defendant's representative and advised them to stop calling him.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

18. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone and continued to call Plaintiff.

19. It was frustrating, annoying and humiliating for Plaintiff to receive such continuous and repeated telephone calls from Defendant.

20. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

26. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

27. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

PLAINTIFF'S COMPLAINT

28. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, EDUARDO RODRIGUEZ, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

PLAINTIFF'S COMPLAINT

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDUARDO RODRIGUEZ, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: October 20, 2017    By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT